**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFERY WAYNE WILLIAMS II, | No. 19-16858 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01749-SPL-ESW |
| v. | MEMORANDUM* |
| CHARLES L. RYAN; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted May 6, 2020**

Before:    BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Arizona state prisoner Jeffrey Wayne Williams II appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations

of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 113, 118 (9th Cir. 2012). We affirm.

The district court properly dismissed Williams's action because Williams failed to allege facts sufficient to show that defendants knew of and disregarded a substantial risk to his health or safety. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Toguchi v. Chung*, 391 F.3d 1051, 1056-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Williams's request to file a supplemental opening brief (Docket Entry No. 28) is granted. The Clerk is requested to file the supplemental brief at Docket Entry No. 29.

19-16858

Williams's remaining pending motions (Docket Entry Nos. 14, 15, 16, 17, and 21) are denied.

**AFFIRMED.**